IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD ANYTHONY CONTRERAS,

    Plaintiff,

v.                                                                                                                       Civ. No. 16-920 SCY

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

    Defendant.

## **ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE OR REMAND**

THIS MATTER comes before the Court on Plaintiff Richard Anthony Contreras' Motion to Reverse and Remand for Rehearing (Doc. 20). For the reasons discussed below, the Court GRANTS Plaintiff's Motion and remands for proceedings consistent with this Opinion.

## I. BACKGROUND

On September 20, 2012, Plaintiff filed a Title XVI application for supplemental security income. AR 24. Plaintiff claimed disability due to impingement of the sciatic nerve, spinal stenosis, degenerative disc disease, disc herniation, and "mental condition." AR 73. Plaintiff claimed a disability onset date of March 24, 1998. AR 73. Plaintiff's claim was initially denied on January 15, 2013, and upon reconsideration on July 29, 2013. AR 24. On August 26, 2013, Plaintiff filed a written request for a hearing. AR 24. The hearing was held on August 17, 2015. AR 24. On September 25, 2015, the ALJ issued his decision finding Plaintiff not disabled. AR 39.

Because the parties are familiar with the record in this case, the Court will reserve discussion of Plaintiff's relevant medical history for its analysis.

## II. APPLICABLE LAW

1

## A. Disability Determination Process

A claimant is considered disabled for purposes of Social Security disability insurance benefits if that individual is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Commissioner has adopted a five-step sequential analysis to determine whether a person satisfies these statutory criteria. *See* 20 C.F.R. § 404.1520. The steps of the analysis are as follows:

(1) Claimant must establish that she is not currently engaged in "substantial gainful activity." If claimant is so engaged, she is not disabled and the analysis stops.

(2) Claimant must establish that she has "a severe medically determinable physical or mental impairment . . . or combination of impairments" that has lasted for at least one year. If claimant is not so impaired, she is not disabled and the analysis stops.

(3) If claimant can establish that her impairment(s) are equivalent to a listed impairment that has already been determined to preclude substantial gainful activity, claimant is presumed disabled and the analysis stops.

(4) If, however, claimant's impairment(s) are not equivalent to a listed impairment, claimant must establish that the impairment(s) prevent her from doing her "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [claimant] can still do despite [her physical and mental] limitations." 20 C.F.R. § 404.1545(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* § 404.1545(a)(3). Second, the ALJ determines the physical and mental demands of claimant's past work. Third, the ALJ determines whether, given claimant's RFC, claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled and the analysis stops.

(5) At this point, the burden shifts to the Commissioner to show that claimant is able to "make an adjustment to other work." If the Commissioner is unable to make that showing, claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 1520(a)(4); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).

### B. Standard of Review

A court must affirm the denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Casias v. Sec'y of Health & Human Serv.*, 933 F.2d 799, 800-01 (10th Cir. 1991). In making these determinations, the reviewing court "neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). For example, a court's disagreement with a decision is immaterial to the substantial evidence analysis. A decision is supported by substantial evidence as long as it is supported by "relevant evidence . . . a reasonable mind might accept as adequate to support [the] conclusion." *Casias*, 933 F.3d at 800. While this requires more than a mere scintilla of evidence, *Casias*, 933 F.3d at 800, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

Similarly, even if a court agrees with a decision to deny benefits, if the ALJ's reasons for the decision are improper or are not articulated with sufficient particularity to allow for judicial review, the court cannot affirm the decision as legally correct. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). As a baseline, the ALJ must support his or her findings with specific weighing of the evidence and "the record must demonstrate that the ALJ considered all of the evidence." *Id.* at 1009-10. This does not mean that an ALJ must discuss every piece of evidence in the record. But, it does require that the ALJ identify the evidence supporting the decision and discuss any probative and contradictory evidence that the ALJ is rejecting. *Id.* at 1010.

### III.     ANALYSIS

Plaintiff raises four issues for review. First, Plaintiff contends that the ALJ failed to provide adequate reasons for rejecting the opinion of consultative examining psychologist Kay Ennis. Second, Plaintiff contends that the ALJ ignored the opinions of non-examining psychological reviewers Dr. Cathy Simutis and Dr. W. Miller Logan. Third, Plaintiff argues that the RFC is not based on substantial evidence because he failed to account for Plaintiff's subjective allegations of pain and other symptoms. Finally, Plaintiff contends that the ALJ failed to resolve a conflict between the *Dictionary of Occupational Titles* and the vocational expert's testimony. For the following reasons, the Court agrees with Plaintiff's arguments regarding the ALJ's evaluation of Dr. Ennis's opinion and will accordingly grant Plaintiff's Motion.

**A. Dr. Ennis**

Plaintiff presented to Dr. Ennis for a consultative examination on October 27, 2012. AR 382. Plaintiff reported feeling depressed all day long, hating his life, and having difficulty adjusting after being in prison for ten years. AR 383. Plaintiff further reported experiencing memory and sleep problems. AR 383. Plaintiff indicated that he did nothing for social functioning because he did not want to be around people. AR 383. Plaintiff also reported difficulty following instructions. AR 383.

Dr. Ennis found that Plaintiff was well-oriented to person, place, time, and situation and that his thought process was logical, coherent, and sequential. AR 386. Dr. Ennis further found that Plaintiff's judgment, insight, and attention, were intact with the exception that it was "necessary several times to re-frame a question, and/or redirect patient in his response." AR 386. Dr. Ennis also found that Plaintiff's "memory is not intact for short term recall but was intact for long-term recall." AR 386. Dr. Ennis noted that she did not perform psychological testing. AR 386. Dr. Ennis's diagnostic impressions were that Plaintiff suffers from a mood disorder due to

reported physical pain and post-traumatic stress disorder. AR 387. Dr. Ennis opined that Plaintiff has moderate occupational problems, problems with work, and problems with primary support group. AR 386. In summary, Dr. Ennis opined that Plaintiff

> will have difficulty understanding and remembering basic instructions because his memory is lacking. It is also likely that he will not be able to concentrate and persist at tasks of basic work because he is unable to remain focused. It is likely he will not be able to interact with the general public and/or coworkers because of his difficulty being around people. It is unlikely that he will adapt well to changes in the workplace due to his low tolerance level.

AR 388.

In his decision, the ALJ discussed Dr. Ennis's findings and opinion but determined that they were not persuasive. AR 34. The ALJ stated that Dr. Ennis appeared to have based "much of [her] findings on the claimant's allegations rather than [her] own objective findings." AR 34. The ALJ further found that "the record, when viewed longitudinally, tends to contradict [her] findings and support higher functioning." AR 34.

Plaintiff contends that the ALJ's evaluation of Dr. Ennis's opinion was error because the ALJ failed to provide adequate reasons for rejecting her opinion. Doc. 20 at 16. More specifically, Plaintiff contends that the ALJ failed to disclose the weight he assigned the opinion. Further, Plaintiff contends that the ALJ's determination that the opinion is inconsistent with other medical evidence is too vague and that it is improper to disregard an examining psychologist's opinion solely on the ground that it is based on the claimant's allegations.

SSR 96-6p provides that an ALJ must explain the weight given to examining consultative physicians. If an ALJ rejects such an opinion, the ALJ must provide adequate reasons, *Givens v. Astrue*, 251 Fed. App'x 561, 568 (10th Cir. 2007), and these reasons "must be sufficiently specific to permit meaningful appellate review." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). In assessing the weight to give such an opinion, an ALJ may consider such

5

factors as "the supportability of the opinion in the evidence," the consistency of the opinion with the record as a whole, including other medical opinions, "any other explanation for the opinion provided by the State agency medical or psychological consultant," or any other factor that could have a bearing on the weight to which an opinion is entitled. SSR 96-6p.

As an initial matter, the Court construes the ALJ's determination that Dr. Ennis's opinion was "not persuasive" as a rejection of the opinion akin to according it no weight at all. As noted above, the reasons provided by the ALJ for rejecting the opinion were that it was based on Plaintiff's allegations and inconsistent with the medical record. The Court will address these reasons in turn.

As for the ALJ's finding regarding the basis of Dr. Ennis's opinions, the Court finds this determination unfounded. "The practice of psychology is necessarily dependent, at least in part, on patient's subjective statements." *Thomas v. Barnhart*, 147 Fed. App'x 755, 759 (10th Cir. 2005). Accordingly, in *Robinson v. Barnhart*, the Tenth Circuit stated that "a psychological opinion may rest either on observed signs and symptoms or on psychological tests." 366 F.3d 1078, 1083 (10th Cir. 2004). Thus, when an ALJ rejects a psychologist's opinion because it is based on a claimant's responses to the psychologist's questioning, the ALJ risks impermissibly substituting his or her own judgment for that of the psychologist.

In the present case, Plaintiff's subjective complaints were relatively succinct. He reported feeling depressed, having memory problems, feeling stressed, and having difficulty adjusting to life outside prison. Throughout her report of the examination, Dr. Ennis noted that positive findings, such as Plaintiff's thought process being logical and coherent, as well as negative findings, such as his memory not being intact for short term recall. AR 386. On this point, Dr. Ennis noted that it was necessary during the examination to reframe a question or

6

redirect Plaintiff in his response. AR 386. Dr. Ennis accordingly opined that Plaintiff would have difficulty understanding and remembering basic instructions. Although Dr. Ennis stated that she did not perform specific psychological testing, it is clear that throughout the examination she observed signs and symptoms that she determined supported her opinion and diagnostic impression. It is questionable that the ALJ was in a position to differentiate whether Dr. Ennis's opinions and diagnostic impressions were based on observed signs and symptoms through her evaluation of Plaintiff or her mere reliance on his alleged symptoms. Nonetheless, the record reflects that at a minimum, her opinions regarding his ability to understand basic instructions were based on observed signs and symptoms. As it is appropriate for a psychologist to base his or her opinion on observed signs and symptoms, the ALJ's first proffered reasons for rejecting Dr. Ennis's opinion was improper.

As for the ALJ's determination that the medical record contradicts the Dr. Ennis's findings, the Court concludes that the ALJ's conclusion is too vague and inconsistent. The Court notes that in making this finding, the ALJ did not reference any particular medical records that were allegedly inconsistent with Dr. Ennis's opinion. Although in some circumstances such inconsistencies will be clear from the ALJ's overall review of the relevant medical evidence, that is not the case here. For instance, certainly not all of Dr. Ennis's opinions were inconsistent with the medical record because the ALJ had previously determined that the GAF scored assigned by Dr. Ennis were consistent with the record. *See* AR 33-34; AR 387. As GAF scores represent a classification system indicating a clinician's judgment of the degree of a claimant's mental impairments, *see Drummond v. Astrue*, 895 F.Supp.2d 1117, 1123 n.1 (D.Kan. 2012), it is contradictory for the ALJ to find that Dr. Ennis's GAF score is consistent with the medical record while simultaneously rejecting Dr. Ennis's opinions regarding Plaintiff's mental

limitations as being inconsistent with the record. This contradiction required explanation and without such explanation the Court cannot meaningfully review the ALJ's decision. In sum, the Court concludes that the ALJ did not properly account for Dr. Ennis's opinion.

## IV. CONCLUSION

For the foregoing reason, the Court GRANTS Plaintiff's Motion to Remand to Agency (Doc. 22).

_____
UNITED STATES MAGISTRATE JUDGE
Sitting by Consent